## STONE v. ASSIP et al.

### (City Court of Brooklyn, General Term.   March 28, 1892.)

1. EVIDENCE—CONCLUSIONS OF WITNESS.
   In an action for money alleged to be due under building contracts, defendants claimed damages because of plaintiff having filed a mechanic's lien "in violation of the spirit and intent" of the contracts. Held, that a question whether there was "any arrangement" between the parties as to plaintiff's not filing a lien was incompetent and objectionable in form, as calling for a conclusion.

2. ACTION ON CONTRACT—EVIDENCE.
   In an action on building contracts, it appeared that defendant had refused to permit plaintiff to complete the work. Held, that questions as to the time defendant expended in supervising the completion of the work, or its value, introduced with the view of sustaining a counter-claim for the same, were inadmissible.

Appeal from trial term.

Action by William Stone against John Assip and another upon building contracts. Judgment for plaintiff. Defendants appeal. Affirmed.

Argued before OSBORNE and VAN WYCK, JJ.

John J. Leary, for appellants.   Murphy & Campbell, for respondent.

OSBORNE, J.   Plaintiff sues to recover a balance alleged by him to be due from defendants on two certain contracts to do the carpenter work on houses which defendants were building on Braxton place and on Sixteenth street, in this city, and also for certain other work, labor, and services performed on defendants' houses in Tenth street, at their request. The answer denies that plaintiff has fulfilled his contracts, alleges that he has left some of his work

unfinished, which defendants were compelled to do, and that their time was occupied in supervising the work, for both of which items they claim damages; and they also allege that plaintiff, "in violation of the spirit and intent" of his contracts, filed a mechanic's lien against their property, to their damage $1,000. Plaintiff had a verdict, and from the judgment entered thereon defendants appeal.

On this appeal the learned counsel for the appellants calls our attention to four exceptions taken by him to the exclusion of certain evidence, which he claims calls for a reversal of the judgment. The first exception is to the sustaining of the objection to the following question addressed to the defendant Assip: "*Question.* Was there any arrangement between you and Mr. Stone, verbal or otherwise, about his not filing the lien?" We think the question was clearly incompetent. In the first place, no such defense was pleaded. The answer went no further than to allege that plaintiff filed a mechanic's lien "in violation of the spirit and intent" of his contract. The question was further objectionable in form, in that it called for the conclusion of the witness as to whether or not an "arrangement" had been concluded with plaintiff, instead of calling for what was said, and leaving the jury to decide if an "arrangement" existed.

The other three exceptions are to the exclusion of questions put to the defendant Assip as to whether he supervised the completion of the unfinished work, as to how much time he had to give to that supervision, and as to the value of that time. These questions were clearly inadmissible. It had already appeared from Assip's own testimony that, after plaintiff filed his lien, he received a notice from defendants' counsel to go on and complete his contract; that he went to the buildings with his workmen, in accordance with the notice, to finish up his work; and that Assip then told him, "as long as he had a lien on, he could not work there," and so plaintiff was obliged to leave. After Assip had refused to permit plaintiff to complete, the inquiry as to whether he (Assip) supervised the completion, how much time it took, and what was the value of the time, with a view of basing a counter-claim thereon, was clearly immaterial. The judgment should be affirmed, with costs.